IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* MYRON JONES, M.D.; | ) | |
| | ) | |
| STATE OF GEORGIA ex rel.<br>MYRON JONES, M.D.; and | ) | |
| | ) | |
| STATE OF TEXAS<br>*ex rel.* MYRON JONES, M.D. | ) | CIVIL ACTION NO. |
| | ) | 1:17-cv-2472-SDG |
| Plaintiffs-Relators, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MILTON HALL SURGICAL<br>ASSOCIATES, LLC d/b/a THE<br>ENT INSTITUTE AND a/k/a EAR<br>NOSE & THROAT INSTITUTE,<br>JEFFREY M. GALLUPS, M.D.,<br>NEXT HEALTH, LLC, UNITED<br>TOXICOLOGY LLC, AMERICAN<br>LABORATORIES GROUP LLC,<br>ENTELLUS MEDICAL, INC. AND<br>STARKEY LABORATORIES, INC.,<br>d/b/a STARKEY HEARING<br>TECHNOLOGIES | ) | |
| Defendants. | | |

## CONSENT JUDGMENT

The United States of America, the State of Georgia (the "Government"), the Relator

Dr. Myron Jones, and Defendants Jeffrey M. Gallups, M.D. and Milton Hall Surgical

Associates, LLC ("Defendants") (collectively, the "Parties") hereby stipulate and agree as follows:

1.    On June 30, 2017, Relator Dr. Myron Jones filed a *qui-tam* Complaint in the U.S. District Court for the N.D. of Georgia (the "Civil Action"), wherein he alleged that Dr. Jeffrey M. Gallups ("Gallups") and Milton Hall Surgical Associates, LLC ("MHSA") – which is a metro Atlanta ENT practice founded by Gallups – violated the FCA by entering into kick-back arrangements with a genetics and toxicology testing firm called NextHealth, LLC ("NextHealth"), as well as with a medical device company called Entellus, Inc. ("Entellus")

2.    This Court has subject matter jurisdiction over this matter under 31 U.S.C. § 3732(a), 31 U.S.C. § 3732(b), 28 U.S.C. § 1345, and 28 U.S.C. § 1331, the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 et *seq.*, and 28 U.S.C. § 1355.

3.    The Court has personal jurisdiction over Defendants, who waive all objections as to this action, including objections as to the form and manner of service of the Complaint and Consent Judgment except as provided in the underlying Settlement Agreement between the Parties, a true and correct copy of which is attached hereto as Exhibit A.

4.    On or around November 30, 2021, the United States, the State of Georgia Dr. Gallups and MHSA agreed to settle certain claims asserted against Dr. Gallups in the Civil Action pursuant to the terms set forth in Parties' Settlement Agreement (*See*, Ex. A)

2

5.      Specifically, the Parties agreed to settle those claims – and only those claims – asserted against Dr. Gallups that are set forth and described as the "Covered Conduct" in the Settlement Agreement. (*See*, Ex. A, p. 2)

6.      In the Settlement Agreement, Gallups and MHSA agreed to the entry of this judgment against them, jointly and severally, in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863), should Gallups fail to pay the entire Settlement Amount within 12 months of the execution of the November 30, 2021 Settlement Agreement. (*See*, Ex. A, ¶2)

7.      Gallups has failed to pay the entire Settlement Amount within the time period set forth in the Settlement Agreement.

8.      Therefore, Defendants Gallups and MHSA acknowledge their liability and debt owed to the Government in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863), plus post-judgment interest at the judgment rate, plus costs, less any amounts that have already been paid, in connection with Defendants' violations of the False Claims Act (31 U.S.C. §§ 3729-3733) and the Georgia False Medicaid Claims Act ("GFMCA") (O.C.G.A. § 49-4-168, *et seq.*), which are described in the underlying Settlement Agreement as the "Covered Conduct."[1] (*See* Ex. A, ¶¶1-2)

9.      This Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547.

---

[1] Herein, Defendant MHSA expressly acknowledges that it – in addition to Dr. Gallups – engaged in the Covered Conduct as described in the Settlement Agreement.  (*See*, Ex. A)

10.     Defendants Gallups and MHSA understand that the aforementioned debt arises from conduct that constitutes intentional fraud, which is non-dischargeable under the Federal Bankruptcy Laws.

11.     Any claims, actions or proceedings brought by the United States and/or the State of Georgia to collect this Judgment are not subject to an "automatic stay" under the Federal Bankruptcy Laws.

12.     In return for Defendants' consent to entry of judgment, the United States and the State of Georgia agree to accept the amount of $5,388,863, plus post-judgment interest and costs, in full satisfaction of Defendants' liability for the Covered Conduct defined in Ex. A.

13.     The Parties further agree that this Consent Judgment does not impact, limit, or otherwise restrict the rights of the Parties for conduct other than the Covered Conduct (*see*, Ex. A, ¶D) unless otherwise limited or specified in the Settlement Agreement.

14.     All terms of the Settlement Agreement are to remain in effect, notwithstanding entry of this Judgment.

15.     The payment of $5,388,863 described in Paragraph 6 shall be made by certified check made payable to the "United States of America" and shall be directed to the following address:

U.S. Attorney's Office
Financial Litigation Unit
Richard B. Russell Building.
75 Ted Turner Dr. SW, Ste. 600
Atlanta, GA 30303

4

or to another location as directed by the U.S. Attorney's Office. The check shall include the case number of this case.

16.     The United States and the State of Georgia reserve the right to take all actions permitted by law to collect the judgment debt, including actions provided in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., should Defendants fail to pay the debt in full within ten (10) days of entry of the Consent Judgment.

17.     The United States and/or the State of Georgia agree to pay to the Relator 20% of any portion of the $5,388,863 that it or they collect from Gallups and/or MHSA pursuant to this Judgment.

18.     The Court shall retain jurisdiction over this case for purposes of enforcing the Consent Judgment Order.

Consented to:

**THE UNITED STATES OF AMERICA**

DATED: 11/30/21                BY: _Paris Wynn_

PARIS A. WYNN
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office for the N.D. of Georgia


**THE STATE OF GEORGIA**

DATED: 11/29/21                BY: _James P. Mooney_

JAMES P. MOONEY
Assistant Attorney General
Georgia Bar No. 940402
200 Piedmont Avenue, S.E.
West Tower – 19th Floor
Atlanta, Georgia 30334
Telelphone: (404) 656-5242
Facsimile: (404) 657-7441
E-Mail: jmooney@law.ga.gov

6

**JEFFREY M. GALLUPS, M.D. - DEFENDANT**

DATED: 11/29/21          BY: _____
                              JEFFREY M. GALLUPS, M.D.

DATED: 11-29-21          BY: _____
                              *Scott Grubman*
                              SCOTT GRUBMAN
                              Counsel for Jeffrey M. Gallups, M.D.


**MILTON HALL SURGICAL ASSOCIATES LLC. - DEFENDANT**

DATED: 11/29/21          BY: _____
                              JEFFREY M. GALLUPS, SOLE MEMBER, MANGER
                              AND CEO

DATED: 11-29-21          BY: _____
                              *Scott Grubman*
                              SCOTT GRUBMAN
                              Counsel for MHSA.


        The foregoing Consent Order is hereby **APPROVED** and **SO ORDERED** this
___day of _____, 20___.


                              _____
                              District Judge
                              Northern District of Georgia


7