# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA,       )
*ex rel.* MYRON JONES, M.D.;     )
                                 )
STATE OF GEORGIA *ex rel.*       )
MYRON JONES, M.D.; and           )
                                 )    CIVIL ACTION FILE
STATE OF TEXAS *ex rel.*         )    NO.  1:17-CV-2472-SDG
MYRON JONES, M.D.,               )
                                 )
    Plaintiffs-Relators,     )
                                 )
v.                               )
                                 )
MILTON HALL SURGICAL             )
ASSOCIATES, LLC, et.al.,         )
                                 )
    Defendants.              )

## RECEIVER'S RESPONSE TO UNITED STATES OF AMERICA'S
## MOTION FOR ENTRY OF FINAL JUDGMENT

S. Gregory Hays, as Receiver of Defendant Milton Hall Surgical Associates, LLC ("**MHSA**") and Defendant Jeffrey Gallups, M.D. ("**Gallups**" and, together with MHSA, "**Defendants**"), pursuant to the *Order Compelling Compliance, Appointing Receiver, and Granting Injunctive Relief* entered August 16, 2023 (*see* a copy attached to this Response as Exhibit "A"), in and by the Superior Court of Fulton County, Georgia, Civil Action No. 2020CV337822 (the "**Receiver**") and on behalf of MHSA, responds to United States of America's (the "**Government**")

November 27, 2023, *Motion for Entry of Final Judgment* [Doc. No. 64] (the "**Government's Motion**"), as follows:

S. Gregory Hays is the court-appointed Receiver. During each of the four (4) months prior to the Receiver's appointment on August 16, 2023, Gallups drew $100,000 from MHSA's Georgia Banking Company ("GBC") account for the express purpose of making the monthly payments to the Government under the Settlement Agreement referenced in the Government's Motion.  In each of those four (4) months, Gallups did not pay the $100,000 to the Government, but instead pocketed that money for his own use. Upon information and belief, Gallups' failure to make the $100,000 payments for four (4) consecutive months was unknown to anyone except Gallups, his then-wife Melissa Moritz, and the Government.

Because of Gallups' actions, at the time of the Receiver's appointment Defendants were no less than four (4) months and $400,000 in arrears under the Settlement Agreement.  The Government did not move the Court to reopen this case or take any other action before the Receiver's appointment to enforce the default provisions of the Settlement Agreement.

Since his appointment, the Receiver has faced new and significant challenges on a daily basis in his effort to save and stabilize MHSA's medical practice and business for the benefit of the business's creditors and its

approximately 150 employees and 80,000 patients.  These challenges, the business, and the Receiver's work are more thoroughly discussed in the August 8, 2023, *Special Master's Report and Recommendation Respecting Status of Incremental Transfer of the Companies* and the November 1, 2023, *Receiver's First Interim Report*, copies of which are attached to this response as Exhibits "B" and "C."

As part of the Receiver's work, the Receiver has stayed in communication with the Government about the state of the business and the Receiver's steps to save the business. Additionally, the Receiver has paid the Government a total of $220,000 since his appointment, reducing the balance owed under the Settlement Agreement to $381,311.24. Based on Gallups' conduct and sworn testimony, the Government never would have received this money if Gallups were still in possession and control of the business and the Receiver had never been appointed. If the Receiver is unable to continue running the business, the Government is unlikely to receive any further payments, whether under the Settlement Agreement or the Consent Judgment referenced in the Government's Motion.

The Receiver offered the Government a lien for the $381,311.24 balance due plus interest by MHSA to be satisfied upon the Receiver's sale of the business. The Receiver is currently attempting to obtain a loan while also marketing the business.  He has received and is considering a purchase offer and is very

concerned about the impact this inflated judgment will have on a potential loan or sale.

MHSA, its trade creditors, patients, and employees, including employee physicians, are not the wrongdoers here. The Receiver isn't Gallups. They all are victims of the actions taken by Gallups.  By virtue of the Receiver's appointment and actions taken since appointment, Gallups has been removed from any control of or participation in MHSA. He has surrendered his IRA and has agreed to surrender his Florida residence and other known assets to the Receiver.[1]

The recording of the Government's judgment likely will have no impact on Gallups because he is either now judgment proof or has secreted his assets. The recording of the Government's judgment against MHSA, however, will harm innocent employees and trade creditors, and will cut off the only viable source of payment to the Government.[2] Accordingly, both the Receiver and the Hon. Craig L. Schwall Sr., Superior Court of Fulton County, have requested the Government's cooperation.  *See* Judge Schwall's letter to the Government, a copy of which is attached to this response as Exhibit "D."

---

[1] The Receiver anticipates that the proceeds of the sale of the Florida residence will be consumed in satisfying existing bank and IRS liens. The Receiver is having the property appraised and discussing a potential sale with brokers.

[2] Contrary to the Government's allegation, no written notice of default has been given to MHSA or the Receiver.

This action by the Government to place a nearly $2.7 million lien on MHSA likely will result in an otherwise unnecessary bankruptcy filing to protect innocent parties. The Receiver, on behalf of MHSA as Debtor-in-Possession, may be required to pursue avoidance actions against the Government for transfers made to the Government within the past 90 days. Further, it does not appear that the Government has provided notice of the Government's Motion to the Relator who, under the Settlement Agreement, would be required to pay any money received back to the Government.

WHEREFORE, the Receiver requests that the Court schedule and hold a hearing on the Government's Motion, deny the Government's Motion, and grant the Receiver such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted, November 28, 2023.

TAYLOR ENGLISH DUMA LLP

By:   */s/ John K. Rezac*
JOHN K. REZAC
Georgia Bar No. 601935
jrezac@taylorenglish.com

1600 Parkwood Circle, Ste. 200
Atlanta, Georgia 30339
O – (770) 434-6868
F – (770) 434-4335

*Attorneys for S. Gregory Hays, Receiver*

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that this pleading has been prepared using 14-point Times Roman font.

*/s/ John K. Rezac*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2023, I electronically filed the foregoing document using the Court's Electronic Case Filing system, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Court's Electronic Case Filing system, and sent a copy via electronic mail as indicated below:

Vanessa A. Leo
Assistant U.S. Attorney
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Vanessa.Leo@usdoj.gov

Elizabeth Green Lindsey, Esq.
Davis, Matthews & Quigley, P.C.
3400 Peachtree Road, NE Suite 1400
Atlanta, Georgia 30326
elindsey@dmqlaw.com

Scott R. Grubman
Chilivis Grubman
1834 Independence Square
Atlanta, Georgia 30338
sgrubman@cglawfirm.com

Raymond L. Moss
Moss & Gilmore LLP
Suite 1025
3630 Peachtree Road
Atlanta, Georgia 30326
rlmoss@mossgilmorelaw.com

Jordan B. Forman
Fox Rothschild LLP
999 Peachtree Street NE
Suite 1500
Atlanta, Georgia 30309
JForman@foxrothschild.com

Stephen R. Morris
Morris Law, LLC
286 Hancock St., Ste. 101
Post Office Box 709
Madison, Georgia 30650
stephen@morrislawllc.net

S. Nathaniel De Veaux, MBA
Kitchens Kelley Gaynes, P.C.
Glenridge Highlands One
Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342
ndeveaux@kkgpc.com

Michael S. Baim, Esq.
The CKB Firm
Collections are Key to your Business
30 N. LaSalle Street, Suite 1520
Chicago, Illinois 60602
mbaim@ckbfirm.com

C. Knox Withers
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031
Knox.withers@agg.com

Michael P. Kohler
Miller & Martin PLLC
Suite 2100
1180 W Peachtree Street, NW
Atlanta, Georgia 30309
Michael.Kohler@millermartin.com

Laura Ketcham
Miller & Martin PLLC
Volunteer Building Suite 1200
832 Georgia Avenue
Chattanooga, TN 37402
Laura.Ketcham@millermartin.com

Gregory M. Taube
Nelson Mullins
Atlantic Station, Suite 1700
201 17th Street NW
Atlanta, Georgia 30363
greg.taube@nelsonmullins.com

November 28, 2023.

TAYLOR ENGLISH DUMA LLP

By:     */s/ John K. Rezac*
        JOHN K. REZAC
        Georgia Bar No. 601935
        jrezac@taylorenglish.com

1600 Parkwood Circle, Ste. 200
Atlanta, Georgia 30339
O – (770) 434-6868
F – (770) 434-4335

*Attorneys for S. Gregory Hays, Receiver*