IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) *ex rel.* MYRON JONES, M.D.; ) ) STATE OF GEORGIA ex rel. ) MYRON JONES, M.D.; and ) ) STATE OF TEXAS ) *ex rel.* MYRON JONES, M.D. ) ) Plaintiffs-Relators, ) ) v. ) ) MILTON HALL SURGICAL ) ASSOCIATES, LLC, et al. d ) ) Defendants. ) | CIVIL ACTION NO. 1:17-cv-2472-SDG |

**JEFFREY M. GALLUPS, M.D.'S RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendant Jeffrey M. Gallups, M.D., by and though undersigned counsel, submits the following response in opposition to the United States' Motion for Entry of Final Judgment (Doc. 64) and the Receiver's Response (Doc. 65). Both Dr. Gallups' personal assets and the assets of Milton Hall Surgical Associates, LLC ("MHSA") are currently under the exclusive direction and control of S. Gregory Hays, a Receiver appointed on August 16, 2023 in a divorce proceeding pending before the Honorable Judge Craig Schwall in the Superior Court of Fulton County.

1

Per the terms of the Receivership (Doc. 65-1), Dr. Gallups has no control over and cannot dispense any of his own assets or those of MHSA to pay the outstanding balance due under the settlement agreement. Thus, entry of the Final Judgment against Dr. Gallups individually for failure to pay when he cannot legally make any such payment and when the Receiver has defaulted payment, and instead paid *inter alia* himself and his counsel, would be highly prejudicial. Dr. Gallups respectfully requests that the Court deny the government's motion.

I.    **BACKGROUND**

This case was filed in June 2017 and ultimately resolved via settlement in November 2021. Undersigned counsel represented both Dr. Gallups and MHSA in this case and negotiated the settlement on their behalf. Pursuant to the terms of the settlement agreement, Dr. Gallups and MHSA agreed to pay $3,068,434 in a series of payments over a one-year period. That period was subsequently extended by agreement reached between undersigned counsel and the government before the Receivership. As of today, $376,656.52 is left to be paid.

In 2020, Dr. Gallups' acrimonious Fulton County divorce proceedings were reopened in *Jennings v. Gallups*, Civil Action No. 2020CV337822. Nancy Jennings, Dr. Gallups ex-wife, filed a petition accusing Dr. Gallups of failing to provide a statement and verification from his CPA regarding the status of his companies, owing

$58,000 of the $65,000-per-month alimony payments, and failing to provide an accounting so she could confirm that the amount she received from the sale of certain real property was the full 50% she was owed. As a result of the accusations against Dr. Gallups by his ex-wife, and her motion for appointment of a Special Master years after she reopened the divorce proceedings, the court appointed Frank Strickland of the Taylor English law firm as Special Master in February 2023.

After the Special Master was unable to get a handle on the matter, having racked up over $100,000 in fees for himself and his counsel, the Court placed both MHSA and Dr. Gallups individually into receivership and appointed S. Gregory Hays as Receiver on August 16, 2023. (*See* Doc. 65-1, Receivership Order.) Both the Special Master and the Receiver are represented by the same attorney at the Special Master's law firm. That firm has since billed *several hundred thousand dollars* of fees (paid by the Receivership assets), which is in addition to the over $100,000 in fees for the Receiver himself. Therein lies the issue and why this case has been reopened – the Receiver has paid himself and his professionals instead of paying the government, thereby causing a preventable default.

Immediately after entry of the Receivership order on August 16, 2023, undersigned counsel reached out to counsel for the Receiver and Special Master to discuss the remaining obligations under the DOJ settlement and offered to broker a dialogue between the Receiver and the DOJ. Counsel had an initial phone call, and

3

the Receiver apparently thereafter engaged the DOJ with no input from Dr. Gallups or his counsel. As far as Dr. Gallups was concerned, the Receiver was handling the DOJ matter directly. The Receiver's first interim report filed November 1, 2023 indicated as much – the Receiver reported engaging in "extensive negotiations with the government," having paid $220,000 to the government, and "diligently working to obtain a bridge loan to pay off this balance" of $376,656.52. (*See* Doc. 65-3, Receiver's Report, at ¶¶30-31.)

To be clear, before the Receivership, Dr. Gallups and MHSA were **not** in default on the settlement agreement because undersigned counsel and the government negotiated a revised payment schedule. At the time the Receivership began, that revised payment schedule was in effect and the next payment was due in September 2023. It is the Receiver who defaulted on the payments.

In fact, unbeknownst to Dr. Gallups, the Receiver apparently has made and reneged on numerous promises to make payments to the DOJ over the last several months – all of which led to the government's motion to reopen the case on November 21, 2023 and motion to enter the consent judgment the parties executed as part of the underlying settlement in the event of a failure to pay on November 27, 2023. Those filings were the first time Dr. Gallups learned that the Receiver was not making payments to the DOJ (despite paying himself, the Special Master, and their common law firm) and that negotiations had broken down.

Counsel for Dr. Gallups has since conferred with counsel for the government, given its willingness to negotiate revised payment obligations prior to the Receivership, and learned that it too attempted to negotiate with the Receiver but was met with multiple unfulfilled promises to pay. Counsel for Dr. Gallups also asked the Receiver and his counsel to confer regarding the negotiations and to produce communications with the government leading up to the filing of the motion for judgment. The Receiver has not agreed to confer. To date, Dr. Gallups has not received any accounting from the Receiver for MHSA or his personal assets nor has he received any of the communications between the Receiver and the government that led to the instant motion, despite two requests immediately after receiving said motion. Dr. Gallups now faces a final judgment for an additional $2.7 million over the nearly $3 million paid to date because of the Receiver's default.

## II.   ARGUMENT

The motion for entry of final judgment was precipitated by a series of events – negotiations and failed promises to pay – involving the Receiver and the government. Dr. Gallups was not aware of and had no involvement in those negotiations and, more importantly, cannot himself legally pay any money toward the remaining settlement amount because of the Receivership. However, the final judgment at issue will be entered against Dr. Gallups individually, along with MHSA. It is extremely prejudicial to enter a default judgment against Dr. Gallups

for payments that he is legally not permitted to make if he wanted to, thus the motion should be denied.

Contrary to what the Receiver includes in his response, Dr. Gallups and MHSA were *not* in default on the settlement agreement at the time the Receivership began. Undersigned counsel, on behalf of both Dr. Gallups and MHSA, worked with the government to negotiate a revised payment schedule. That revised payment schedule was in effect when the Receiver took over in August 2023 and the next payment was due in September 2023. The Receiver defaulted on the payments and then tried to negotiate a new payment plan to which he failed to adhere. In fact, the Receiver has been communicating directly with the government for months, making numerous promises to pay that he has apparently failed to fulfill or reneged, all of which led to this case being reopened and the government seeking final judgment.

The Receiver's response to the government's motion is less about what the Receiver failed to do since his appointment in August and more about accusing Dr. Gallups of mismanaging money *before* the Receivership. Although Dr. Gallups strongly disagrees with the Receiver's statements in his response, and with the language the Receiver's counsel included in the orders that were signed in the divorce case, the focus here is not alleged management of money by Dr. Gallups at MHSA. MHSA was a party to this lawsuit, and it has obligations under the settlement agreement that the Receiver was required to and failed to fulfill.

The Receiver claims to have negotiated a payment plan to pay "the first $325,000.00 received from Medicare once Medicare reimbursements resumed, and $100,000.00 per month from revenues until the obligation under the Settlement Agreement is satisfied." (*See* Doc. 65-3, Receiver's Report, at ¶30.) However, he admitted that he did not pay according to that plan, purportedly because the "Medicare payments were less than half of what had been anticipated" so he "did not have the funds to maintain the payment plan to DOJ." (*Id.*) Here too, the Receiver failed to fulfill his duties to MHSA.

According to the Receiver's First Interim Report, MHSA has paid the government $220,000 under the Receivership and the remaining balance due is $376,656.52. (*Id.* at ¶30.) However, MHSA has received nearly $1 million under the Receivership:

| Medicare | $484,110.58 |
| Return of Property Ins | $42,000 |
| Global One | $131,000[1] |
| Truist Bank | $53,334.36 |
| First Horizon | $61.85 |
| 401K | $224,124.32 |
| **TOTAL** | **$934,631.111** |

---

[1] The Receiver's Report includes an expected payment of $200,000 from Global One Financial as surrender value on certain collateral. (*Id.* at ¶10.) Per a telephone conference with counsel for the government, it appears that MHSA received $131,000 so far from Global One.

(*Id.* at ¶¶4, 10, 13, 35 and page 15.)  And MHSA expected to receive an additional $189,000 from Medicare and the balance from Global One shortly thereafter.  (*Id.* at ¶4.)  The Interim Report does not appear in include a full accounting of all money spent and received by MHSA since the Receivership's inception, and Dr. Gallups does not have access to documents and has not been provided any information by the Receiver even though his individual assets are also in Receivership.

Some of that nearly $1 million – specifically, all of the money from Dr. Gallups' 401K ($224,124.32) and the proceeds from the frozen Truist ($53,334.36) and First Horizon ($61.85) bank accounts– was used to pay the Receiver, the Special Master, and their shared counsel and to pay $130,000 in alimony in the divorce proceeding. (*Id.* at page 16.)  Given that only $376,656.52 of the original $3,068,434 due under the settlement agreement remains outstanding, it is unclear how or why the Receiver chose to prioritize payments of more than $227,000 to himself and to alimony over payments to the government.  It is equally unclear why the Receiver thought it was in the best interest of MHSA to prioritize those payments in the face of a $5,388,863 potential default and the catastrophic effects that he knows such a default will have on MHSA.  (*See, e.g.* 65-3, Receiver's Report, at ¶¶29, 31; Doc. 65, Receiver's Response, at 4.)  And it appears that the Receiver, who is also the Receiver for Dr. Gallups individually, has no concern for the deleterious effects such

a default would have for Dr. Gallups. Entry of the consent judgment is not warranted under these circumstances and would be unduly prejudicial to Dr. Gallups.

And no such circumstances were contemplated at the time of settlement. "A settlement agreement is a contract, and it 'must meet the same requirements of formation and enforceability as other contracts.'" *AT&T Corp. v. Max Fitness, LLC*, No. 4:18-CV-205 (CDL), 2019 WL 13193469, at *2 (M.D. Ga. Nov. 8, 2019) (citations omitted). "When construing contracts, the Court must consider the intent of the parties." *Id.* at *3. When the parties negotiated the underlying settlement and entered into the settlement agreement, it was not contemplated that the consent judgment would be used in a situation where MHSA and Dr. Gallups' personal assets are under the exclusive control of a Receiver who defaulted on payment. Here, Dr. Gallups and MHSA agreed to the consent judgment in the event they failed to pay as agreed, not in the event a third-party Receiver had sole control of their assets and failed to pay on their behalf. The facts and circumstances here militate against entry of the consent judgment.

### III. CONCLUSION

The government wants to collect the money due under the settlement agreement. Payment of that money on behalf of Dr. Gallups and MHSA can only be made by the Receiver, who presently controls all assets. The Receiver defaulted on

the carefully negotiated repayment plan in place before the Receivership began and then failed to adhere to the payment schedule that he negotiated.  Dr. Gallups has had no control over or involvement in any payments, or lack thereof, since the Receivership's inception.  Therefore, the motion for final judgment should be denied.

Respectfully submitted, this 30th day of November 2023.

/s/ *Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011
Lauren A. Warner
Georgia Bar No. 425769

CHILIVIS GRUBMAN, LLP
1834 Independence Sq.
Atlanta, Georgia 30338
Tel: (404) 233-4171
Fax: (404) 261-2842
sgrubman@cglawfirm.com
lwarner@cglawfirm.com
*Counsel for Jeffrey M .Gallups, M.D.*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion has been typed using 14-point Times New Roman font.

*/s/ Scott R. Grubman*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I electronically filed the foregoing document using the Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Court's Electronic Case Filing program.

Dated: November 30, 2023

*/s/ Scott R. Grubman*