IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* MYRON JONES, M.D.;<br><br>STATE OF GEORGIA ex rel.<br>MYRON JONES, M.D.; and<br><br>STATE OF TEXAS<br>*ex rel.* MYRON JONES, M.D.<br><br>    Plaintiffs-Relators,<br><br>v.<br><br>MILTON HALL SURGICAL<br>ASSOCIATES, LLC, *et.al.*<br><br>    Defendants. | CIVIL ACTION NO:<br>1:17-CV-2472-SDG |

**UNITED STATES OF AMERICA'S REPLY TO THE RECEIVER'S RESPONSE**

The United States of America, through the undersigned United States Attorney and Assistant United States Attorney, and files its reply to Receiver's Response to United States of America's Motion for Entry of Final Judgment[1] as follows:

## Background

Relator, Myron Jones, M.D., served the complaint in the above-captioned action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729, *et*

---

[1] (Doc. No. 65)

1

*seq.* on the United States of America on or about June 30, 2017.[2] After the United States of America and the State of Georgia conducted its investigation of the allegations, a settlement agreement was reached with Defendants Jeffrey Gallups, M.D., and Milton Hall Surgical Associates, LLC.

On December 1, 2021 the Plaintiffs, the United States of America and the State of Georgia (the "Government"), and Defendants Jeffrey Gallups, M.D. and Milton Hall Surgical Associates, LLC, (collectively, the "Parties") filed a Notice of Settlement.[3] Pursuant to the Settlement Agreement the Defendants Jeffrey Gallups, M.D., and Milton Hall Surgical Associates, LLC are obligated to pay the sum of $3,068,434.00 to the Government prior to the expiration of twelve months from November 30, 2021.[4]

Contemporaneously with the Settlement Agreement, the Parties executed a Consent Judgment wherein Defendants Jeffrey Gallups, M.D., and Milton Hall Surgical Associates, LLC will, *inter-alia,* acknowledge their joint and several liability and debt owed to the Government in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863.00), plus post-judgment interest at the judgment rate, plus costs for Defendants for violations of the False Claims Act (31 U.S.C. §§ 3729 -3733).[5] A copy

---

[2] (Doc. No. 1-4).
[3] (Doc. No. 46).
[4] (*See* Doc. No. 46 at Ex.1)
[5] *Id*. at 4.

2

of the executed Consent Judgment is attached hereto as Exhibit A and incorporated herein by reference. The Parties contemporaneously executed the Consent Judgment so that in the event of default of the Settlement Agreement terms, the Government may, at its sole election, seek to enforce the Consent Judgment by filing a copy in this Civil Action.[6]

After filing the Notice of Settlement, on December 2, 2021 the Court issued an Order[7] directing the Clerk to administratively close this case and which further ordered the Parties to file documents to dispose of the case within twelve months from the date of the Order. On December 1, 2022, the Parties jointly request an additional twelve-month period of time in which to file documents disposing of this case.[8] The Joint Motion to Extend the Administrative Closure provided that the Defendants have yet to complete the payments due under the Settlement Agreement but are making good faith progress towards fulfilling their obligations.[9] On December 7, 2022 the Court entered an Order extended the period of administrative closure of the present case for an additional twelve months beginning December 2, 2022 and further ordered that the case may be re-opened if necessary.[10]

---

[6] *Id. at 11.*
[7] (Doc. No. 47)
[8] (Doc. No. 57).
[9] *Id.*
[10] (Doc. No. 58).

On November 21, 2023 the Government moved this Court to reopen the present case for the sole purpose of filing a Consent Judgement.[11] Defendants Jeffrey Gallups, M.D., and Milton Hall Surgical Associates, LLC ceased making payments to the Government as set forth in Paragraph 1 of the executed Settlement Agreement. The Defendants failure to make payments constitutes a default under the terms and conditions of the Settlement Agreement. The Government has provided notice of default to the Defendants' representatives and no further agreements can be reached to modify the payment schedule. As of the date of filing this motion there remains an outstanding balance of $381,311.24 due and owing to the Government under the terms of the executed Settlement Agreement. As a result of the uncured default, the United States of America, at its sole election pursuant to the terms of the Settlement Agreement seeks to enforce the Consent Judgment by filing a copy in this Civil Action. [12] The Court entered an Order granting the Government's *Ex Parte* Motion to Reopen the case on November 22, 2023.[13]

Following the case reopening, the Government filed a Motion for Entry of Consent Judgment on November 27, 2023.[14] Defendants Jeffrey Gallups, M.D., and Milton Hall Surgical Associates, LLC ceased making payments to the

---

[11] Doc. No. 62.
[12] (*See* Doc. No. 46 at Ex.1, pg. 11).
[13] Doc. No. 63.
[14] Doc. No. 64.

Government as set forth in Paragraph 1 of the executed Settlement Agreement. The Defendants failure to make payments constitutes a default under the terms and conditions of the Settlement Agreement. The Government has provided notice of default to the Defendants' representatives and no further agreements can be reached to modify the payment schedule. As of the date of filing this motion there remains an outstanding balance of $381,311.24 due and owing to the Government under the terms of the executed Settlement Agreement. As a result of the uncured default, the United States of America, at its sole election pursuant to the terms of the Settlement Agreement seeks to enforce the Consent Judgment by filing a copy in this Civil Action. [15] The Government's Motion is presently pending before this Court.

## **Government's Reply**

At the outset, the Receiver's Response to United States of America's Motion for Entry of Final Judgment (the "Receiver's Response") indicates that Defendant Jeffrey Gallups, ceased making payments to the United States of American during the four (4) month period prior to the Receiver's appointment on August 16, 2023.[16] That upon information and belief Defendant Jeffrey Gallups defaulted on the Settlement Agreement terms with the Government by failing to make the

---

[15] (*See* Doc. No. 46 at Ex.1, pg. 11)
[16] Doc. No. 65.

$100,000.00 payments for four (4) consecutive months.[17] Additionally, the default information was unknown to anyone except Gallups, his then-wife Melissa Moritz, and the Government.[18] Further, the Government did not move the Court to reopen this case or take any other action before the Receiver's appointment to enforce the default provisions of the Settlement Agreement.[19]

**Gallups Default & Modified Payment Agreement**

Beginning in January 2023, the Government and counsel for Defendant Jeffrey Gallups began engaging in negotiations for a modified payment schedule due to the defendant experiencing a financial hardship. During the period of negotiations Defendant Jeffery Gallups made the following payments to the Government:

| Payment Amount | Payment Date |
|---|---|
| $100,000.00 | 01/26/2023 |
| $100,000.00 | 02/23/2023 |
| $100,000.00 | 04/28/2023 |

The negotiations between the Government and counsel for Defendant Jeffrey Gallups continued until a final modified payment agreement was reached in July

---

[17] *Id.*
[18] *Id.*
[19] *Id.*

2023. As a part of the negotiations between the parties and believing that Defendant Jeffrey Gallups would payoff the debt, the Government acting in good faith stayed any enforcement proceedings related to the defendant's default. The modified payment agreement required Defendant Jeffrey Gallups to pay the entire remaining balance of $600,000.00 plus interest at the rate set out in the Settlement Agreement on or before September 5, 2023. Additionally, that if Defendant Jeffrey Gallups did not comply with the modified payment agreement the Government may file the Consent Judgment executed by the parties in accordance with paragraph 2 of the Settlement Agreement and invoke other rights and remedies available to it under paragraph 16 of the Settlement Agreement without any requirement that the Government provide a Notice of Default, or provide Defendant Jeffrey Gallups with the opportunity to the cure the Default.  All other terms of the Settlement Agreement shall remain in effect. Further, the communication of the modified payment terms did not constitute a waiver of strict compliance with the Settlement Agreement.

Before the September 5, 2023 deadline imposed pursuant to the modified payment agreement, the Superior Court of Fulton County entered an order appointing Greg Hays as Receiver over Defendant Jeffrey Gallups, individually, and eleven entities (consisting of Milton Hall Surgical Associates, LLC ("MHSA"), Alpharetta Surgery Center, LLC, and ENTI Surgery Center LLC), HCENTI, LLC,

7

ENTI Anesthesia, LLC, Milton Hall Management, LLC, MHSA Management, LLC, Milton Hall Trust, Nutmeg Management LLC, Marble Management, LLC, DRG Media, LLC, and all other operating entities, holding companies, debt arrangements, voting trusts, or other trusts or entities of any kind, known or unknown, directly or indirectly controlled by Respondent or Melissa Moritz and all of their assets. Defendant Jeffrey Gallups did not comply with the terms of the modified payment agreement and failed to make the payment to Government on September 5, 2023. Upon information and belief, Defendant Jeffrey Gallups' failure to comply with the modified payment agreement is the result of the Receiver's appointment.

**Receiver's Modified Payment Agreements & Default**

On or about August 22, 2023, the Government began having discussions with Greg Hays, (the "Receiver") and his authorized professionals regarding the outstanding payment obligations of Defendant Jeffrey Gallups pursuant to the Settlement Agreement. On September 8, 2023 the Government and the Receiver reached a modified payment agreement to cure the default of the outstanding payment obligations pursuant to the Settlement Agreement. The modified payment agreement between the parties required the Receiver to pay the Government the first $325,000 out of the Medicare payments made to Milton Hall Surgical Associates, LLC. Further, that the Receiver would pay $100,000.00 by the

15th of each month, starting September 15, 2023, and continuing on the 15th of each month until the Settlement Agreement obligations were paid in full. Additionally, the Government would hold off on filing the Consent Judgment, with the following understanding, that if these terms are not satisfied, the Government may file the Consent Judgment in accordance with paragraph 2 of the Settlement Agreement and invoke other rights and remedies available to it under paragraph 16 of the Settlement Agreement without any requirement that the Government provide a Notice of Default or provide an opportunity to the cure the Default. All other terms of the Settlement Agreement shall remain in effect. The communication of the modified payment terms does not constitute a waiver of strict compliance with the Settlement Agreement.

The Receiver made the following payments under the modified payment agreement to date:

| **Payment Amount** | **Payment Date** |
|---|---|
| $100,000.00 | 09/20/2023 |
| $50,000.00 | 10/16/2023 |
| $50,000.00 | 10/18/2023 |
| $20,000.00 | 10/20/2023 |

The Receiver failed to pay the Government the first $325,000 out of the Medicare payments made to Milton Hall Surgical Associates, LLC. According to the *Receiver's First Interim Report* dated November 1, 2023, a total of $484,110.58 has been paid by Medicare and $189,000 is still anticipated to be paid for a total of $673,110.58.[20] Per the Receiver, he utilized $350,000.00 of the $484,110.58 in Medicare payments to pay Physician Bonuses on October 15, 2023.[21] The Government notified the Receiver that if the balance of the Settlement Agreement was not paid in full by November 16, 2023, the Government would proceed with filing the Consent Judgment in accordance with paragraph 2 of the Settlement Agreement.

On November 1, 2023 the Receiver requested from the Government an extension of deadline to pay the remaining balance under the Settlement Agreement. On November 14, 2023 the Government offered the Receiver the a modified payment agreement consisting of one (1) payment of $131,951.71 on or before November 16, 2023 comprised of the Global One Financial settlement funds in the Receiver's possession. With the balance of the Settlement Agreement paid in full on or before November 29, 2023. Further, that if there is a default on this payment schedule, the Government may file the Consent Judgment executed by the parties in accordance with paragraph 2 of the Settlement Agreement and

---

[20] (*See* Doc. No. 65 at Ex.C, pg. 4).
[21] (*See* Doc. No. 65 at Ex.C, pg. 6).

invoke other rights and remedies available to it under paragraph 16 of the Settlement Agreement without any requirement that the Government provide a Notice of Default or provide the Receiver with the opportunity to the cure the Default. All other terms of the Settlement Agreement shall remain in effect. This communication of the modified payment schedule does not constitute a waiver of strict compliance with the Settlement Agreement. The Receiver advised the Government that he recommended to his authorized professionals filing bankruptcy for Milton Hall Surgical Associates, LLC in response to the Government's final offer for a modified payment agreement.

To date, there remains an outstanding balance of $381,452.09 due and owing to the Government. The Receiver's failure to pay the Government pursuant to the terms of modified payment agreement of September 8, 2023 constitutes default under the terms and conditions of the Settlement Agreement. The Government was not required to issue a notice of default to Defendant Gallups, the Receiver, or their representatives pursuant to the modified payment agreement terms. As a result of the uncured default, the United States of America, at its sole election pursuant to the terms of the Settlement Agreement seeks to enforce the Consent Judgment by filing a copy in this Civil Action.

**Receiver's Offer to the Government**

The Receiver offered the Government a lien for the remaining balance due plus interest upon the sale of the Gallup Entities subject to the approval of the Superior Court of Fulton County.  To date, despite the Government's request the Receiver has not produced evidence of an executed Sales and Purchase Agreement, term sheet, or any documentation of the likelihood of a consummated sale that would satisfy the debts owed to the Government, creditors or other parties in interest. Furthermore, upon information and belief any lien offer to the Government would be opposed by Defendant Gallups' former spouse Nancy Jennings pursuant to the existing terms of their divorce settlement agreement granting her rights to certain amounts of any sales proceeds.

**Notice to Relator**

The Receiver's Response advises the Court that it appears the Government has not provided Notice of its Motion to the Realtor.  First, the Government is not required under the terms of the Settlement Agreement to provide the Relator with Notice of seeking entry of the executed Consent Judgment. Additionally, the Government is unaware at this time and the Court's docket is void of any notices reflecting that the Receiver, or the Receiver's counsel represents the Relator. Therefore, the Receiver and the Receiver's counsel lack standing to raise arguments on behalf of the Relator's rights or interests in the present proceeding.

## Conclusion

The United States moves this Court for entry of final judgment in the present case pursuant to the terms of the executed Consent Judgement. Defendants Jeffrey Gallups, M.D., and Milton Hall Surgical Associates, LLC, and the Receiver failed to make payments to the Government required under Paragraph 1 of the executed Settlement Agreement and pursuant to the modified payment agreements. The Defendants' and Receiver's failure to make payments constitutes a default under the terms and conditions of the Settlement Agreement and pursuant to the modified payment agreements.  At this time no further agreements can be reached to modify the payment schedule. As of the date of filing this motion there remains an outstanding balance of $381,452.09 due and owing to the Government under the terms of the executed Settlement Agreement and modified payment agreements. As a result of the uncured default, the United States of America, *at its sole election* pursuant to the terms of the Settlement Agreement seeks to enforce the Consent Judgment by filing a copy in this Civil Action. [22]

WHEREFORE, for the reasons set forth above, the United States of America respectfully requests that this Court for entry of final judgment in the present case pursuant to the terms of the executed Consent Judgement and grant such other and further relief as is just. Entry of the attached Consent Judgment will end the

---

[22] (*See* Doc. No. 46 at Ex.1, pg. 11)

Plaintiff's litigation of this matter against the Defendants, although the Court retains jurisdiction to enforce the terms of the Consent Judgment

Date: <u>November 30, 2023</u>                Respectfully submitted,

RYAN K. BUCHANAN
UNITED STATES ATTORNEY
<u>/s/Vanessa A. Leo</u>
VANESSA A. LEO, GBN:410598
ASSISTANT U.S. ATTORNEY
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404) 581-6350
Vanessa.Leo@usdoj.gov
Counsel for the United States of America

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion has been typed using 13-point Book Antiqua font.

                                                          */s/ Vanessa A. Leo*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023 I electronically filed the foregoing document using the Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Court's Electronic Case Filing program.

Dated: November 30, 2023                        */s/ Vanessa A. Leo*