IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex rel*. MYRON JONES, M.D.; | ) | |
| | ) | |
| STATE OF GEORGIA ex rel. | ) | |
| MYRON JONES, M.D.; and | ) | |
| | ) | CIVIL ACTION NO. |
| STATE OF TEXAS | ) | |
| *ex rel*. MYRON JONES, M.D. | ) | 1:17-cv-2472-SDG |
| | ) | |
| Plaintiffs-Relators, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MILTON HALL SURGICAL | ) | |
| ASSOCIATES, LLC d/b/a THE | ) | |
| ENT INSTITUTE AND a/k/a EAR | ) | |
| NOSE & THROAT INSTITUTE, | ) | |
| JEFFREY M. GALLUPS, M.D., | ) | |
| NEXT HEALTH, LLC, UNITED | ) | |
| TOXICOLOGY LLC, AMERICAN | ) | |
| LABORATORIES GROUP LLC, | ) | |
| ENTELLUS MEDICAL, INC. AND | ) | |
| STARKEY LABORATORIES, INC., | ) | |
| d/b/a STARKEY HEARING | ) | |
| TECHNOLOGIES | ) | |
| | | |
| Defendants. | | |

## CONSENT JUDGMENT

The United States of America, the State of Georgia (the "Government"), the Relator

Dr. Myron Jones, and Defendants Jeffrey M. Gallups, M.D. and Milton Hall Surgical

Associates, LLC ("Defendants") (collectively, the "Parties") hereby stipulate and agree as follows:

1.    On June 30, 2017, Relator Dr. Myron Jones filed a *qui-tam* Complaint in the U.S. District Court for the N.D. of Georgia (the "Civil Action"), wherein he alleged that Dr. Jeffrey M. Gallups ("Gallups") and Milton Hall Surgical Associates, LLC ("MHSA") – which is a metro Atlanta ENT practice founded by Gallups – violated the FCA by entering into kick-back arrangements with a genetics and toxicology testing firm called NextHealth, LLC ("NextHealth"), as well as with a medical device company called Entellus, Inc. ("Entellus")

2.    This Court has subject matter jurisdiction over this matter under 31 U.S.C. § 3732(a), 31 U.S.C. § 3732(b), 28 U.S.C. § 1345, and 28 U.S.C. § 1331, the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 et *seq.*, and 28 U.S.C. § 1355.

3.    The Court has personal jurisdiction over Defendants, who waive all objections as to this action, including objections as to the form and manner of service of the Complaint and Consent Judgment except as provided in the underlying Settlement Agreement between the Parties, a true and correct copy of which is attached hereto as Exhibit A.

4.    On or around November 30, 2021, the United States, the State of Georgia Dr. Gallups and MHSA agreed to settle certain claims asserted against Dr. Gallups in the Civil Action pursuant to the terms set forth in Parties' Settlement Agreement (*See*, Ex. A)

5.      Specifically, the Parties agreed to settle those claims – and only those claims – asserted against Dr. Gallups that are set forth and described as the "Covered Conduct" in the Settlement Agreement. (*See*, Ex. A, p. 2)

6.      In the Settlement Agreement, Gallups and MHSA agreed to the entry of this judgment against them, jointly and severally, in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863), should Gallups fail to pay the entire Settlement Amount within 12 months of the execution of the November 30, 2021 Settlement Agreement. (*See*, Ex. A, ¶2)

7.      Gallups has failed to pay the entire Settlement Amount within the time period set forth in the Settlement Agreement.

8.      Therefore, Defendants Gallups and MHSA acknowledge their liability and debt owed to the Government in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863), plus post-judgment interest at the judgment rate, plus costs, less any amounts that have already been paid, in connection with Defendants' violations of the False Claims Act (31 U.S.C. §§ 3729-3733) and the Georgia False Medicaid Claims Act ("GFMCA") (O.C.G.A. § 49-4-168, *et seq.*), which are described in the underlying Settlement Agreement as the "Covered Conduct."[1] (*See* Ex. A, ¶¶1-2)

9.      This Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547.

---

[1] Herein, Defendant MHSA expressly acknowledges that it – in addition to Dr. Gallups – engaged in the Covered Conduct as described in the Settlement Agreement.  (*See*, Ex. A)

10.     Defendants Gallups and MHSA understand that the aforementioned debt arises from conduct that constitutes intentional fraud, which is non-dischargeable under the Federal Bankruptcy Laws.

11.     Any claims, actions or proceedings brought by the United States and/or the State of Georgia to collect this Judgment are not subject to an "automatic stay" under the Federal Bankruptcy Laws.

12.     In return for Defendants' consent to entry of judgment, the United States and the State of Georgia agree to accept the amount of $5,388,863, plus post-judgment interest and costs, in full satisfaction of Defendants' liability for the Covered Conduct defined in Ex. A.

13.     The Parties further agree that this Consent Judgment does not impact, limit, or otherwise restrict the rights of the Parties for conduct other than the Covered Conduct (*see*, Ex. A, ¶D) unless otherwise limited or specified in the Settlement Agreement.

14.     All terms of the Settlement Agreement are to remain in effect, notwithstanding entry of this Judgment.

15.     The payment of $5,388,863 described in Paragraph 6 shall be made by certified check made payable to the "United States of America" and shall be directed to the following address:

U.S. Attorney's Office
Financial Litigation Unit
Richard B. Russell Building.
75 Ted Turner Dr. SW, Ste. 600
Atlanta, GA 30303

4

or to another location as directed by the U.S. Attorney's Office. The check shall include the case number of this case.

16.     The United States and the State of Georgia reserve the right to take all actions permitted by law to collect the judgment debt, including actions provided in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., should Defendants fail to pay the debt in full within ten (10) days of entry of the Consent Judgment.

17.     The United States and/or the State of Georgia agree to pay to the Relator 20% of any portion of the $5,388,863 that it or they collect from Gallups and/or MHSA pursuant to this Judgment.

18.     The Court shall retain jurisdiction over this case for purposes of enforcing the Consent Judgment Order.

Consented to:

**THE UNITED STATES OF AMERICA**

DATED: 11/30/21          BY: _____

PARIS A. WYNN
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office for the N.D. of Georgia

**THE STATE OF GEORGIA**

DATED: 11/29/21          BY: _____

JAMES P. MOONEY
Assistant Attorney General
Georgia Bar No. 940402
200 Piedmont Avenue, S.E.
West Tower – 19th Floor
Atlanta, Georgia 30334
Telelphone: (404) 656-5242
Facsimile: (404) 657-7441
E-Mail: jmooney@law.ga.gov

**JEFFREY M. GALLUPS, M.D. - DEFENDANT**

DATED: 11/29/21          BY: _____
                              JEFFREY M. GALLUPS, M.D.

DATED: 11-29-21          BY: _Scott Grubman_____
                              SCOTT GRUBMAN
                              Counsel for Jeffrey M. Gallups, M.D.

**MILTON HALL SURGICAL ASSOCIATES LLC. - DEFENDANT**

DATED: 11/29/21          BY: _____
                              JEFFREY M. GALLUPS, SOLE MEMBER, MANGER
                              AND CEO

DATED: 11-29-21          BY: _Scott Grubman_____
                              SCOTT GRUBMAN
                              Counsel for MHSA.

The foregoing Consent Order is hereby **APPROVED** and **SO ORDERED** this
14th day of ___March_____, 2024.

_____
          Steven D. Grimberg
          United States District Judge

7

# Exhibit A

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into amongst the United States of America, acting through the United States Department of Justice, and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services (HHS) and the Defense Health Agency ("DHA"), acting on behalf of the TRICARE Program (collectively, the "United States"), the State of Georgia ("Georgia") (with the United States, the "Government"), Defendants Jeffrey M. Gallups, M.D. ("Dr. Gallups" or "Gallups") and Milton Hall Surgical Associates, LLC ("MHSA"), and Relator Myron Jones, M.D. ("Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A.      Dr. Gallups is a resident of Fort Lauderdale, Florida, and certifies that he is the founding partner, the current sole owner, member and manager, former CEO and current medical director of, MHSA d/b/a the Ear, Nose & Throat Institute, which has locations throughout Georgia.

B.      On June 30, 2017, Relator filed a *qui tam* action in the United States District Court for the Northern District of Georgia captioned *United States ex rel. Myron Jones, M.D., et al. v. Milton Hall Surgical Associates, LLC d/b/a The ENT Institute and a/k/a the Ear, Nose & Throat Institute, Jeffrey M. Gallups, M.D., et al*., Civil Action. No. 1:17-cv-2472, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), and the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168, *et seq.* (the "Civil Action"). Relator alleges, *inter-alia*, that Dr. Gallups and MHSA violated the False Claims Act, 31 U.S.C. § 3729, *et. seq.* (the "FCA"), the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168, *et seq.* (the "GFMCA"), and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), by entering into kick-back arrangements with co-defendants Next Heath, LLC ("NextHealth") and Entellus Medical, Inc. ("Entellus"), whereby Dr. Gallups – in exchange for remuneration from NextHealth and Entellus – caused MHSA patients to receive

(and caused the submission of false claims to the Government for): (1) medically unnecessary genetic and toxicology tests that were administered and/or arranged by NextHealth, and (2) medically unnecessary balloon sinuplasty procedures that were performed using equipment and/or devices supplied by Entellus. The Government partially intervened in the Civil Action on September 27, 2021.

C.     The Government contends that Dr. Gallups and MHSA submitted or caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll ("Medicare"), the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid"), and the TRICARE Program, 10 U.S.C. §§ 1071-1110b ("TRICARE").

D.     The Government contends that it has certain civil claims against Dr. Gallups arising from a kick-back arrangement that existed between Dr. Gallups and NextHealth between 2015 and 2017.  Pursuant to this arrangement, the Government contends that Dr. Gallups caused MHSA and/or MHSA's physician employees to order medically unnecessary genetic and toxicology tests from NextHealth for their patients.  The Government contends that, in return for these referrals, Dr. Gallups was paid illegal remuneration in the form of a percentage of the revenues that NextHealth received from Medicare, Medicaid and TRICARE.  The Government further contends that it has certain civil claims against Dr. Gallups arising from a kick-back arrangement between Dr. Gallups and Entellus between 2014 and 2018.  The Government contends that, pursuant to this arrangement, Dr. Gallups caused MHSA and/or MHSA's physician employees to order various products associated with balloon sinuplasty surgery from Entellus, and also pressured MHSA's physician employees to: (1) increase the number of sinuplasty surgeries that they performed; and (2) perform medically unnecessary balloon sinuplasty surgeries.  The Government contends that, in return, Dr. Gallups received illegal remuneration from Entellus including, but not limited to,

2

meals, trips, and cash payments. The aforementioned conduct is referred to below as the "Covered Conduct."

E.     Relator claims entitlement under 31 U.S.C. § 3730(d) and O.C.G.A § 49-4-168.2(i) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1.     Dr. Gallups and/or MHSA shall pay to the Government Three Million Sixty-Eight Thousand Four Hundred and Thirty-Four Dollars ($3,068,434) (the "Settlement Amount"), of which $1,093,174 is restitution. The terms of payment(s) shall be as follows:

A.     No later than 7 days after the Effective Date of this Agreement by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Northern District of Georgia, Dr. Gallups shall pay $1,000,000 to the United States.[1]

B.     Subsequent to the Effective Date of this Agreement, by electronic funds transfer Gallups shall pay a minimum of $100,000.00 (plus accrued interest at 1.5% per annum) each month (no later than the 15th of each month) to the United States.

C.     Prior to the expiration of 12-month period following the Effective Date of this Agreement, by electronic funds transfer, Gallups shall pay the remaining balance (plus accrued interest at 1.5% per annum) to the United States.

---

[1] The United States and Georgia have separately executed a Memorandum of Understanding regarding payments owed to Georgia from the Settlement Amount.

3

D.      If MHSA or any of its affiliates is sold, merged, or transferred, or a significant portion of the assets of MHSA or of any of its affiliates is sold, merged, or transferred into another non-affiliated entity, Gallups and/or MHSA shall promptly notify the United States, and all remaining payments owed pursuant to the Settlement Agreement shall be accelerated and become immediately due and payable.

2.      Additionally, contemporaneously with the execution of this Settlement Agreement, the Government, Gallups and MHSA shall jointly execute a Consent Judgment (a true and correct copy of which is attached hereto), wherein Gallups and MHSA will, *inter-alia*, acknowledge their joint and several liability and debt owed to the Government in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863), plus post-judgment interest at the judgment rate, plus costs for Gallups' and MHSA's violations of the False Claims Act (31 U.S.C. §§ 3729-3733), which will be filed with the Court in the Civil Action. Neither Gallups nor MHSA shall take any action or fail to take any action which would impair or undermine the application or enforceability of this Settlement Agreement and/or Consent Judgment.

3.      Conditioned upon the United States receiving Settlement Amount payments, the United States agrees that it shall pay to Relator by electronic funds transfer 20 percent of each such payment received under the Settlement Agreement (Relator's Share) as soon as feasible after receipt of the payment. Additionally, to the extent that it receives any funds in connection with enforcing the Consent Judgment referenced in Paragraph 2 of the Settlement Agreement, the United States agrees that it shall pay to Relator by electronic funds transfer 20 percent of such funds.

4

4.      Subject to the exceptions in Paragraph 6, Paragraph 16 and Paragraph 17 below, and conditioned upon the Government's receipt of full Settlement Amount, plus interest due under Paragraph 1, the Government releases Dr. Gallups from any civil or administrative monetary claim the Government has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168, *et seq.*; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

5.      Subject to the exceptions in Paragraph 6, Paragraph 16 and Paragraph 17 below, and excluding any claims by Relator and his counsel to recover from Dr. Gallups and MHSA expenses, attorneys fees and costs pursuant to 31 U.S.C § 3730(d) and O.C.G.A § 49-4-168.2(i), and conditioned upon Dr. Gallups' full payment of the Settlement Amount, plus interest due under Paragraph 1, the Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, releases Dr. Gallups from any civil monetary claim the Relator has on behalf of the Government States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

6.      Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims and rights of the Government are specifically reserved and are not released:

        a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code) or the Georgia Revenue and Taxation Code, O.C.G.A. § 48-1-1, *et seq.*;

        b.      Any criminal liability;

        c.      Except as explicitly stated in this Agreement, any administrative liability or enforcement right, including mandatory or permissive exclusion from Federal or State health care programs;

5

       d.      Any liability to the Government (or its agencies) for any conduct other than the Covered Conduct;

       e.      Any liability based upon obligations created by this Agreement; and

       f.      Any FCA liability of any individual(s) or entities other than Jeffrey M. Gallups, M.D. including, without limitation, MHSA;

7.     Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B) and O.C.G.A. § 49-4-168.2. Conditioned upon Relator's receipt of the Relator's Share, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the Government, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

8.     Dr. Gallups waives and shall not assert any defenses Dr. Gallups may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. This Paragraph should be strictly construed and does not in any way limit Dr. Gallups' ability to raise any other defense to any criminal prosecution or administrative action.

9.     Dr. Gallups and MHSA fully and finally release the Government, its agencies, officers, agent, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Dr. Gallups or MHSA have asserted, could have asserted, or may assert in the future against the Government, its agencies, officers, agents,

employees, and servants, related to the Covered Conduct and the Government's investigation and prosecution thereof.

10.     Dr. Gallups and MHSA fully and finally releases the Relator and his attorneys from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Dr. Gallups has asserted, could have asserted, or may assert in the future against the Relator and his attorneys, related to the Covered Conduct, the allegations in Relator's Complaint, the Relator's investigation and prosecution thereof and Relator's employment with MHSA.

11.     The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by Tricare or any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer (including Medicaid), related to the Covered Conduct; and Dr. Gallups and MHSA agree not to resubmit to any Tricare or Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

12.     Dr. Gallups and MHSA agree to the following:

a.     <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Dr. Gallups in connection with:

(1)     the matters covered by this Agreement and any related plea agreement;

(2)     the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by this Agreement;

(3)     Dr. Gallups' or MHSA's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any

7

criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

(4)     the negotiation and performance of this Agreement and any Plea Agreement; and

(5)     the payments Dr. Gallups and/or MHSA makes to the United States pursuant to this Agreement and any payments that Dr. Gallups and/or MHSA may make to Relator, including costs and attorney's fees,

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP") (hereinafter referred to as Unallowable Costs).

b.     Future Treatment of Unallowable Costs:   Unallowable Costs shall be separately determined and accounted for by Dr. Gallups and/or MHSA, and Dr. Gallups and/or MHSA shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Dr. Gallups or MHSA.

c.     Treatment of Unallowable Costs Previously Submitted for Payment: Dr. Gallups and MHSA further agree that, within 90 days of the Effective Date of this Agreement, he and/or MHSA shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Dr. Gallups or MHSA, and shall request, and agree, that such cost reports, cost statements, information reports, or

8

payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Dr. Gallups and MHSA agree that the United States, at a minimum, shall be entitled to recoup from Dr. Gallups or MHSA any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Dr. Gallups or MHSA on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Dr. Gallups' or MHSA's cost reports, cost statements, or information reports.

d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Dr. Gallups' or MHSA's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

13.     Dr. Gallups and MHSA agree to cooperate fully and truthfully with the Government's investigation of individuals and entities not released in this Agreement. Upon reasonable notice, Dr. Gallups (subject to his current role/position, or lack thereof, at MHSA) and MHSA shall encourage, and agrees not to impair, the cooperation of MHSA's directors, officers, and employees, and shall use his best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Dr. Gallups further agrees to furnish to the Government, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation of the Covered Conduct that it has undertaken, or that has been performed by another on its behalf

9

14.     This Agreement is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 16 (waiver for beneficiaries paragraph), below.

15.     Dr. Gallups and MHSA agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

16.     As referenced in Paragraph 1, the Settlement Amount will be paid in full prior to the expiration of 12 months from the Effective Date of the Agreement.

a.     In the event that Gallups and/or MHSA fails to pay the Settlement Amount as provided in the payment schedule set forth in Paragraph 1 above, Gallups and/or MHSA shall be in Default of Gallups and/or MHSA's payment obligations ("Default").  The United States will provide a written Notice of Default, and Gallups and/or MHSA shall have an opportunity to cure such Default within seven (7) calendar days from the date of receipt of the Notice of Default by making the payment due under the payment schedule and paying any additional interest accruing under the Settlement Agreement up to the date of payment.  Notice of Default will be delivered to Gallups and/or MHSA, or to such other representative as Gallups and/or MHSA shall designate in advance in writing.  Contemporaneous Notice of Default will also be provided to the State of Georgia. If Gallups and/or MHSA fails to cure the Default within seven (7) calendar days of receiving the Notice of Default and in the absence of an agreement with the United States to a modified payment schedule ("Uncured Default"), the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and interest on the remaining unpaid balance shall thereafter accrue at the rate of 12% per annum, compounded daily from the date of Default, on the remaining unpaid total (principal and interest balance).

b.      In the event of Uncured Default, Gallups and/or MHSA agree that the Government may, at its sole election, seek to enforce the Consent Judgment referenced in Paragraph 2, and that Gallups and/or MHSA shall raise no objection thereto.

c.      In the event of Uncured Default, Gallups and/or MHSA agrees that the Government, at its sole discretion, may (i) retain any payments previously made, rescind this Agreement and pursue the Civil Action or bring any civil and/or administrative claim, action, or proceeding against Gallups and/or MHSA for the claims that would otherwise be covered by the releases provided in Paragraph 4 above, with any recovery reduced by the amount of any payments previously made by Gallups and/or MHSA to the United States under this Agreement; (ii) take any action to enforce this Agreement in a new action or by reinstating the Civil Action; (iii) offset the remaining unpaid balance from any amounts due and owing to Gallups and/or MHSA and/or affiliated companies by any department, agency, or agent of the United States at the time of Default or subsequently; and/or (iv)  exercise any other right granted by law, or under the terms of this Agreement, or recognizable at common law or in equity.  The Government shall be entitled to any other rights granted by law or in equity by reason of Default, including referral of this matter for private collection.  In the event the Government pursues a collection action, Gallups and/or MHSA agrees immediately to pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the Government's reasonable attorneys' fees and expenses incurred in such an action.  In the event that the Government opts to rescind this Agreement pursuant to this paragraph, Gallups and/or MHSA waives and agrees not to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that are (i) filed by the Government against Gallups and/or MHSA within 120 days of written notification that this Agreement has been rescinded, and (ii) relate to the Covered Conduct, except to the extent these defenses were available on June 30,

11

2021. Gallups and/or MHSA agrees not to contest any offset, recoupment, and /or collection action undertaken by the Government pursuant to this paragraph, either administratively or in any state or federal court, except on the grounds of actual payment to the United States.

       d.     In the event of Uncured Default, OIG-HHS may exclude Gallups and/or MHSA from participating in all Federal health care programs until Gallups and/or MHSA pays the Settlement Amount, with interest, as set forth above (Exclusion for Default).  OIG-HHS will provide written notice of any such exclusion to Gallups and/or MHSA.  Gallups and/or MHSA waives any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agrees not to contest such exclusion either administratively or in any state or federal court.  Reinstatement to program participation is not automatic.  If at the end of the period of exclusion, Gallups and/or MHSA wishes to apply for reinstatement, it must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005.  Gallups and/or MHSA will not be reinstated unless and until OIG-HHS approves such request for reinstatement. The option for Exclusion for Default is in addition to, and not in lieu of, the options identified in this Agreement or otherwise available.

      17.     In exchange for valuable consideration provided in this Agreement, Gallups and MHSA acknowledge the following:

       a.     Gallups and MHSA have reviewed their financial situations and warrants that they are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I) and shall remain solvent following payment to the United States of the Settlement Amount.[2]

       b.     In evaluating whether to execute this Agreement, the Parties intend that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Gallups and MHSA, within the meaning of 11 U.S.C. § 547(c)(1), and the

 

Parties conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.

c.      The mutual promises, covenants, and obligations set forth herein are intended by the Parties to, and do in fact, constitute a reasonably equivalent exchange of value.

d.      The Parties do not intend to hinder, delay, or defraud any entity to which Gallups and MHSA were or became indebted to on or after the date of any transfer contemplated in this Agreement, within the meaning of 11 U.S.C. § 548(a)(1).

e.      If Gallups' and MHSA's obligations under this Agreement are avoided for any reason (including but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code) or if, before the Settlement Amount is paid in full, Gallups, MHSA or a third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors seeking any order for relief of Gallups' and/or MHSA's debts, or to adjudicate Gallups and/or MHSA as bankrupt or insolvent; or seeking appointment of a receiver, trustee, custodian, or other similar official for Gallups and/or MHSA or for all or any substantial part of Gallups' and/or MHSA's assets:

(i) the Government may rescind the releases in this Agreement and bring any civil and/or administrative claim, action, or proceeding against Gallups and/or MHSA for the claims that would otherwise be covered by the releases provided in Paragraph above;

(ii) the Government has an undisputed, noncontingent, and liquidated allowed claim against Gallups and MHSA in the amount of Five Million, Three Hundred and Eighty-Eight Thousand, Eight Hundred and Sixty Three Dollars ($5,388,863), less any payments received pursuant to this agreement, provided, however, that such payments are not otherwise avoided and recovered from the Government by Gallups and/or MHSA, a receiver, trustee, custodian, or other similar official for Gallups and/or MHSA; and

13

(iii) if any payments are avoided and recovered by Gallups and/or MHSA, a receiver, trustee, custodian, or similar official for Gallups and/or MHSA, Relator shall, within thirty days of written notice from the United States to the undersigned Relator's counsel, return any portions of such payments already paid by the United States to Relator pursuant to Paragraph 1.

f.      Gallups and MHSA agree that any civil and/or administrative claim, action, or proceeding brought by the Government under Paragraph 24.e is not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) because it would be an exercise of its police and regulatory power. Gallups and MHSA shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay and, to the extent necessary, consents to relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1). Gallups and MHSA waive and shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claim, action, or proceeding brought by the Government within 120 days of written notification to Gallups and/or MHSA that the releases have been rescinded pursuant to this paragraph, except to the extent such defenses were available on June 30, 2017.

18.      Upon the United States' receipt of the full payment(s) described in Paragraph 1, above, the United States and the Relator shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1), except that such dismissal shall be without prejudice as to Relator and his counsel's existing claims for costs, fees and expenses against Dr. Gallups and MHSA pursuant to 31 U.S.C § 3730(d) and O.C.G.A § 49-4-168.2(i).

19.      Except with respect to Relator and his counsel's existing claims for costs fees and expenses pursuant to 31 U.S.C § 3730(d) and O.C.G.A § 49-4-168.2(i), each Party shall bear its

14

own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

20.     Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

21.     This Agreement is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute arising from or relating to this Agreement is the United States District Court for the Northern District of Georgia.  Each of the parties irrevocably consent to personal jurisdiction therein.  For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22.     This Agreement constitutes the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

23.     The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

24.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

25.     This Agreement is binding on each of Dr. Gallups' and MHSA's successors, transferees, heirs, and assigns.

26.     This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

27.     All parties consent to the Government's disclosure of this Agreement, and information about this Agreement, to the public.

28.     This Agreement is effective on the date of signature of the last signatory to the Agreement (the "Effective Date" of this Agreement).  Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

15

### THE UNITED STATES OF AMERICA

DATED: __11/30/2021__   BY: _____
PARIS A. WYNN
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office for the N.D. of Georgia

DATED: __11/22/2021__   BY: _____
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

DATED: _____   BY: _____
LEIGH A. BRADLEY
General Counsel
Defense Health Agency
United States Department of Defense

DATED: _____   BY: _____
SALVATORE M. MAIDA
General Counsel
Defense Health Agency
United States Department of Defense

16

**THE UNITED STATES OF AMERICA**

DATED: _____     BY: _____
                          PARIS A. WYNN
                          Assistant United States Attorney
                          United States Department of Justice
                          United States Attorney's Office for the N.D. of Georgia

DATED: _____     BY: _____
                          LISA M. RE
                          Assistant Inspector General for Legal Affairs
                          Office of Counsel to the Inspector General
                          Office of Inspector General
                          United States Department of Health and Human Services

DATED: _____     ~~BY~~: _____
                          ~~LEIGH A. BRADLEY~~
                          ~~General Counsel~~
                          ~~Defense Health Agen~~cy
                          ~~United States Department of Defense~~

DATED: 11/19/2021     BY:   BLEY.PAUL.NICHO  Digitally signed by
                            LAS.1099873821   BLEY.PAUL.NICHOLAS.109987382
                                             1
                                             Date: 2021.11.19 14:47:18 -05'00'
                      for   SALVATORE M. MAIDA
                            General Counsel
                            Defense Health Agency
                            United States Department of Defense

16

**THE STATE OF GEORGIA**

DATED: 11/29/21          BY: _____ WED JDM
                              IRVAN A. PEARLBERG
                              Director, Medicaid Fraud Division
                              Georgia Department of Law

DATED: Nov. 24 2021      BY: _____
                              MARIAL ELLIS, ESQ.
                              Chief of Staff
                              Georgia Department of Community Health

17

## JEFFREY M. GALLUPS, M.D. - DEFENDANT

DATED: 11/22/21     BY: _____
                         JEFFREY M. GALLUPS, M.D.

DATED: 11-22-21     BY: *Scott Grubman*
                         _____
                         SCOTT GRUBMAN
                         Counsel for Jeffrey M. Gallups, M.D.


## MILTON HALL SURGICAL ASSOCIATES LLC. - DEFENDANT

DATED: 1/22/21     BY: _____
                        JEFFREY M. GALLUPS, SOLE MEMBER,
                        MANAGER AND CEO

DATED: 11-22-21     BY: *Scott Grubman*
                         _____
                         SCOTT GRUBMAN
                         Counsel for MHSA

19

DocuSign Envelope ID: 5ADE1C43-1B46-4693-B2A8-C2394D24724D

**MYRON JONES, M.D. - RELATOR**

DATED: 11/17/2021        BY:   *Myron Jones, M.D.*
                               MYRON JONES, M.D.

DATED: 11/17/21          BY:   _____
                               RAYMOND L. MOSS
                               Moss & Gilmore LLP
                               3630 Peachtree Road
                               Atlanta, Georgia 30326
                               Counsel for Relator Myron Jones, M.D.